Abraham N. Geller, J.
Application for an ex parte order submitted for the removal of this incompetency proceeding from this county to the County of Columbia is refused. The proceeding, it is conceded, was properly brought in 1958 in this county where the alleged incompetent resided (Mental Hygiene *968 Law, § 101, subd. [2]). At that time the alleged incompetent was being cared for in her sister’s home in Canaan, Columbia County. Since then she has been in a nursing home in Columbia County. Her sister was appointed her committee and makes this application for removal of the proceeding on the ground that she is now permanently residing in Columbia County. There is no provision for change of venue of an incompetency proceeding and counsel states that he has not been able to find any statute or authority on this question. The proceeding properly should remain here as this is the legal residence of incompetent, her subsequent transfers while incompetent being immaterial to this issue. The committeeship actually is not affected by the proceeding remaining here where it belongs. The only inconvenience will involve an appearance once every year or two before the Referee appointed by the Appellate Division. Moreover, the present order requests the fixation of fees for the present attorney for the committee and to the attorney who prepared the proposed order and as such would represent a needless expense to incompetent.